The opinion of the Conrt was delivered by
Poché, J.
Defendant appeals from a conviction of tlie crimes of entering, etc., and of petty larceny, and from a sentence to hard labor of one year for each offense.
He complains that his case was not apportioned by lot, as required by Art. 130 of the Constitution, to Section “A” of the Criminal District Conrt, where lie was tried, because the case was allotted previous to the filing of the information.
The record shows that tlie cause was apportioned under the rules of tlie court, while the prosecution was pending under the affidavit and other proceedings which had been sent up from the committing magistrate.
Counsel for the accused contends that under the provisions of Art. 130, such an allotment is defective and cannot confer jurisdiction to the Court which tried the case, and he argues that there is no prosecution before the court until presentment by indictment or information.
The following is the language of tlie Article on the subject: ‘‘All prosecutions instituted in said court shall be equally apportioned between said Judges by lot. Each Judge, or his successor, shall have exclusive control over fevery cause falling to him, from its inception to final determination in said court.”
*1199 Counsel argues that the meaning attached to the word “ prosecution ” in the Constitution, is indicated by Art. 5, which provides that “ prosecutions shall be by indictment or information,” etc., and hence he concludes that before indictment or information, there can be no prosecution instituted for the purpose of being apportioned.”
We think that this is too narrow a definition of the word “ prosecution,” which is defined to be “the means adopted to bring a supimsed offender to justice and punishment by due course of law.” Bouvier, p. 396.
Under our system of criminal law, a prosecution has several phases or steps of proceeding: the first being usually an affidavit or charge; next a warrant of arrest, and so on through the hands of the committing magistrate, whose committal transfers the prosecution to the proper criminal court, where it undergoes the other phases of presentment, arraignment, trial and conviction or acquittal.
Hence, the meaning of Art. 5 of the Constitution, in referring to “ prosecutions,” imports a provision for the phase or form of presentment j and in speaking of all prosecutions instituted “in Art. 130,” the Constitution means all criminal oases which may be brought before the court.
The sentence providing that “ each Judge * * * shall have exclusive control over every cause falling to him,” etc., leaves no possible doubt on that point.
The inception of the prosecution before the criminal court dates from the day that the affidavit and other proceedings coming from the committing magistrate are filed or returned into the criminal court. If there is no “ prosecution ” in the legal sense of the term, or within the meaning of the Constitution, before presentment in open court, what then would have become, of the charge made and other proceedings had before the committing magistrate'?
From the moment that he has committed the accused to await his trial, or ordered and accepted his appearance bond and forwarded the papers to the trial criminal court, he is divested of all authority or jurisdiction over the case, and yet the cause exists as an entity, and must be pending somewhere and under the jurisdiction of some tribunal, and that tribunal must be the court to which the matter has been transferred.
If the proceedings had before the committing magistrate are not a “prosecution ” in the legal sense, where would be the authority for detaining the accused in legal custody, or what would be the legal value of the bond furnished by the accused for his appearance before the Criminal Court? It is elementary, in our jurisprudence, that such proceedings are the basis and primary inception of the prosecution, *1200 and that the order of the committing magistrate, accepting the bond of the accused, is a judicial act which is the basis of the judgment of the criminal court in case of a forfeiture of the bond.
. Hence, it lias been frequently held by our courts, that in default of sucli order, a bond of the accused accepted by the sheriff is null, (i An. 700, 744 j State vs. Gilbert, 10 An. 532.
From the moment that the papers in a criminal case are returned into the criminal court, the accused is under the custody of that court, whence he cannot be removed or released hut by the order of that court.
Therefore, it is easy t,o understand that from that moment a prosecution has been instituted before that court, and that such prosecution is a criminal cause which can he apportioned between the Judges of that court, and that the rule of that court, regulating the apportionment of causes at that phase of the prosecution, is strictly within the spirit and the letter of the Constitutional provisions on that subject.
Our conclusion is that there is no force in the complaint and no error in' the proceedings which have characterized the prosecution of the. accused, and have resulted in his conviction.
Judgment affirmed.